# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 9, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**TRACI SPENCE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0141** (BOR Appeal No. 2047520)
                    (Claim No. 2010138091)

**WILLIAMSON MEMORIAL HOSPITAL,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Traci Spence, by Edwin Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Williamson Memorial Hospital, by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed a July 17, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 29, 2011, decision which denied authorization of an L4-5 microdiscectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Spence, a lab technician, was injured in the course of her employment on June 9, 2010, while moving a patient. Her claim was held compensable for lumbar sprain. While this case was in litigation below, the Office of Judges held the claim compensable for an L4-5 disc herniation. That decision was affirmed by both the Board of Review and this Court. Ms. Spence attempted conservative treatment of the herniated disc, including physical therapy, and when that was unsuccessful, Panos Ignatiadis, M.D., her orthopedic surgeon, recommended a

1

microdiscectomy. Dr. Ignatiadis had previously performed surgery on Ms. Spence's back to treat a non-work-related herniated L5-S1 disc. He opined in a June 22, 2010, letter to the claims administrator that Ms. Spence recovered well from the L5-S1 surgery and returned to work with no restrictions. Following the June 6, 2009, injury, she was unable to work due to pain in her back and right leg as well as numbness in her toes.

Ms. Spence underwent an independent medical evaluation by David Jenkinson, M.D., on September 22, 2010. Dr. Jenkinson noted an x-ray which showed generalized bulging and a soft tissue mass at L4-5 which he attributed to Ms. Spence's previous surgery. He incorrectly stated that she had previously had surgery at the L4-5 level instead of the L5-S1 level. He admitted that the surgical history was confusing and recommended a second surgical opinion regarding the requested L4-5 microdiscectomy. That second opinion was given by Paul Bachwitt, M.D., on January 18, 2011. In his independent medical evaluation, Dr. Bachwitt noted that there were no operative disc lesions seen on an August 31, 2010, MRI. He noted that the only compensable condition in the claim was a lumbar sprain/strain and opined that Ms. Spence was at maximum medical improvement for that condition. He recommended no further treatment or diagnostic tests. The claims administrator thereafter denied authorization for an L4-5 microdiscectomy.

Ms. Spence testified in a deposition on September 1, 2011, that she had received significant treatment for her compensable back injury. She was told that an MRI showed a herniated disc and Dr. Ignatiadis recommended she undergo surgery. She stated that she had been Dr. Ignatiadis's patient since 2009 and had seen him ten or eleven times since her compensable injury occurred.

The Office of Judges affirmed the claims administrator's decision in its December 23, 2011, Order. It concluded that the evidence of record failed to show that the requested microdiscectomy is medically related and reasonably required for the treatment of the compensable injury. It determined that Dr. Jenkinson found that there was no clear problem and that another opinion was necessary. He stated that he believed that there was a low probability that her symptoms would be resolved with surgery. Dr. Bachwitt found no signs of an operative disc lesion and recommended no further treatment or diagnostic tests. The Office of Judges determined that Ms. Spence submitted no reliable medical evidence establishing that the L4-5 microdiscectomy was medically related and reasonably required. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 18, 2013, decision.

The Office of Judges' Order is the result of misstatements and mischaracterizations of the evidentiary record. The Office of Judges took judicial notice of the fact that the L4-5 herniated disc was added to the claim as a compensable condition; however, it relied on an evidentiary record that entirely predates the addition of the condition to the claim. Specifically, the Office of Judges relied on independent medical evaluations by Dr. Jenkinson and Dr. Bachwitt. Dr. Jenkinson consistently mistakenly stated that Ms. Spence previously underwent non-work-related surgery at the L4-5 level. In actuality, she underwent surgery at the L5-S1 level. Dr. Jenkinson admitted in his report that he was confused about the surgical history and had no access to her surgical reports. His opinion is unreliable because it was rendered based upon

mistaken information. Dr. Bachwitt's independent medical evaluation is also unreliable for the purpose of determining the necessity of the requested surgery because it occurred before the L4-5 herniated disc was added as a compensable component of the claim. Though he found that there was no sign of an operative disc lesion, he was unaware that the claim was held compensable for an L4-5 herniated disc. Additionally, the MRI he relied on to determine that Ms. Spence had no operative disc lesions is not of record. Because the record relies entirely on reports that predate the addition of the L4-5 herniated disc, the subject of the requested surgery, this Court hereby reverses and remands the case for further development of the evidentiary record on the issue of the medical relativity and reasonable requirement of the requested surgery.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded for further development of the evidentiary record on the issue of the medical relativity and reasonable requirement of an L4-5 microdiscectomy.

Reversed and remanded.

**ISSUED:   June 9, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis

3